UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHANQUITA SANDERS, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 2:17-CV-867-RDP |
| } | |
| BIRMINGHAM JEFFERSON COUNTY } | |
| TRANSIT AUTHORITY, } | |
| } | |
| Defendant. } | |

## MEMORANDUM OPINION

### I. Background

This matter is before the court on Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment. (Doc. # 7). In its Motion (Doc. # 7), Defendant argues that Plaintiff's Complaint is due to be dismissed. For the reasons stated below, Defendant's Motion is due to be denied.

### II. Factual Background

Prior to her termination, Plaintiff worked as a driver and team leader for Birmingham Jefferson County Transit Authority. (Doc. # 1 at ¶¶ 7, 8). She was terminated from her employment based on her conduct during an incident that occurred involving a bus passenger. (Doc. # 24 at ¶ 24). Specifically, she alleges that when a passenger who had been repeatedly belligerent on previous occasions attempted to board the bus she was driving, she denied him access by closing the bus door. (*Id.* at ¶¶ 16, 17). The customer then kicked and pushed his way through the bus door and eventually fell down. (*Id.* at ¶¶ 19, 20).

Defendant terminated Plaintiff after an investigation into this incident. (*Id.* at ¶ 24). Plaintiff alleges that she was told that she had been terminated because she "used extremely

vulgar language" during the incident and because she closed the door. (*Id.*). She further alleges that other male co-workers had been "rude to customers and/or used profane language and not been terminated." (*Id.* at ¶ 31).

## III. Standard of Review

The Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Still, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the nonmoving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556. The Supreme Court has identified "two working principles" for a district court to use in applying the facial plausibility standard.

First, in evaluating motions to dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the court does not have to accept as true legal conclusions when they are "couched as . . . factual allegation[s]." *Iqbal*, 556 U.S. at 678. Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

Application of the facial plausibility standard involves two steps. Under prong one, the court must determine the scope and nature of the factual allegations that are well-pleaded and assume their veracity; and under prong two, the court must proceed to determine the claim's plausibility given the well-pleaded facts. That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Id.* If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Id.*

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. . . .'" *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1288 (11th Cir. 2003) (quoting 42 U.S.C. § 2000e–2(a)(1)). Plaintiff is not required to prove directly that gender was the reason for the employer's challenged decision; instead, Plaintiff may rely on either direct or circumstantial evidence of discrimination. *See, e.g., id.*; *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 526 (1993) ("Because Title VII tolerates no racial discrimination, subtle or otherwise, we devised a framework that would allow both plaintiffs and the courts to deal effectively with employment discrimination revealed only through circumstantial evidence." (internal quotations and citations omitted)).

To prevail on a claim for discrimination under Title VII based on circumstantial evidence, Plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) she was treated less favorably than a similarly-situated individual outside his protected class. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

IV. **Analysis**

In its Motion to Dismiss, Defendant argues that Plaintiff has failed to allege any facts demonstrating that it treated her differently than similarly situated male employees. (Doc. # 7-1 at p. 4). Defendant attaches Plaintiff's termination letter to its motion (*see* Doc. # 7-2) and argues that the letter establishes that Plaintiff was not merely terminated for vulgar language, but instead was terminated for "Gross Negligence in the operation of a bus." (*Id.* at p. 2). Because Plaintiff has not alleged that any of her male counterparts committed gross negligence in the operation of a bus without being terminated, Defendant contends that Plaintiff has failed to plead the existence of a similarly situated comparator. (Doc. # 7-1 at p. 5). Moreover, Defendant contends that Plaintiff's gross negligence provided it a legitimate, nondiscriminatory reason to terminate Plaintiff's employment. (Doc. # 6).

On a motion to dismiss, the court is required to assume the veracity of Plaintiff's well-pleaded allegations. *Iqbal*, 556 U.S. at 678. Accordingly, consideration of the termination letter and video attached to Defendant's motion to dismiss would be improper, as that evidence falls outside the four corners of Plaintiff's Amended Complaint. *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005). And, assuming the veracity of Plaintiff's well-pleaded allegations, Plaintiff's complaint plausibly pleads the existence of similarly-situated individuals outside of her protected class who were treated more favorably than her. Plaintiff alleges that she was fired

for her vulgar language and for closing the bus door on a customer. She also alleges that male drivers have used vulgar language and been rude to customers without being terminated. At this stage, Plaintiff has plausibly pled the existence of similarly situated comparators who were treated more favorably than her. Whether or not the facts of this case support her allegations is a question that will be addressed at the proper stage of this litigation.

Defendant asks, in the alternative, for the court to construe its motion as one for summary judgment. (Doc. # 7 at p. 1). "It is within the judge's discretion to decide whether to consider matters outside of the pleadings that are presented to the court." *Jones v. Auto. Ins. Co. of Hartford, Conn.*, 917 F.2d 1528, 1531-32 (11th Cir. 199). The court declines to do so. This action was filed May 25, 2017. (*See* Doc. # 1). The court has not conducted a scheduling conference or entered a scheduling order in this case. The parties have not had an opportunity to conduct any discovery or present material evidence pertinent to a motion for summary judgment. Therefore, it would be inappropriate to construe Defendant's motion as one for summary judgment at this early stage.

### III. Conclusion

For the reasons stated above, Defendant's Motion (Doc. # 7) is due to be denied. A separate order will be entered.

**DONE** and **ORDERED** this June 28, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE